BENJAMIN FRIEDMAN, PLAINTIFF-RESPONDENT, v. NA-
TIONAL CASUALTY COMPANY, DEFENDANT-APPEL-
LANT.

Argued October 17, 1945—Decided January 24, 1946.

For the defendant-appellant, *McCarter, English & Egner,
Verling C. Enteman* and *Charles Howard.*

For the plaintiff-respondent, *Herbert J. Kenarik.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from an order entered in
the Supreme Court on May 19th, 1945, directing that the
record in this cause, which had theretofore been remanded
to the Second District Court of the City of Newark, be
recalled to the Supreme Court in order that it be amended
with respect to the allowance of costs to the appellant therein.

Friedman sued National Casualty Company in the Second
District Court of the City of Newark for benefits under a
policy insuring against disability. The trial court gave a
judgment for plaintiff in the amount of $442.50. The de-
fendant appealed and the Supreme Court reversed and
remanded the cause with direction that a judgment be entered
for the plaintiff for an amount consistent with the opinion,
which reduced the judgment in the sum of $90. The opinion
of the Supreme Court "reversed with costs." The *remittitur*
was dated February 7th, 1945, and the rule was entered
February 13th, 1945. The costs taxed in the Supreme Court
were in the sum of $283.70 of which $25 was normal costs
and $258.70 was for disbursements, being $9 paid to the

clerk and $249.70 for printing. Plaintiff filed a petition in the Supreme Court praying for a remand of the record to the end that plaintiff below be relieved of payment of costs. On March 19th, 1945, an order to show cause was allowed, returnable before Part III of the Supreme Court on March 24th, 1945. This was all within the term in which the decision had been rendered. Thereafter the court filed an opinion in which it was said that the effect of the earlier decision was to reduce the judgment by approximately $90 and "simultaneously burden the respondent Friedman with costs amounting to approximately $290 thereby practically depriving the respondent of the benefit of the modified judgment. Neither justice nor common sense supports such result, particularly in view of the voluminous record that was brought up on appeal and which record contained much· that was unnecessary to a decision.

"An order may be presented to remit the record to the end that the judgment of this court may be amended by adding to the provision for costs a limitation to read 'in the amount of seventy-five dollars.' "

Subsequently an order was entered which remanded the record to the Supreme Court be amended by adding a provision limiting costs "in the amount of seventy-five dollars," and that the record be thereupon remanded to the trial court. This appeal is from that order.

Appellant argues that the appellate court was without power to recall the *remittitur* after the entry thereof remanding the record to the lower court.

We conclude that the Supreme Court had the power to recall the *remittitur* and to correct any error, which was the result of "mistake or misapprehension."

In *King* v. *Ruckman*, 22 *N. J. Eq.* 551, Chief Justice Beasley, speaking for this court said, "I have no doubt that this court has the power any time to amend its judgment, if it is erroneous by reason of the mis-entry of the clerk, or by reason of any other mistake; or that such judgment may be set aside and treated as a nullity, if it has been procured by fraud, or is the result of misapprehension."

The instant case obviously presents a situation where the appellate court was under a misapprehension as to the effect of its judgment "for costs" and it was clearly within its power to correct its judgment by recalling the *remittitur* and correcting the judgment to conform to its determination.

In *Kanzler* v. *Smith*, 125 *Id.* 466, this court, speaking through Mr. Justice Parker, held, in a case where the *remittitur* was inadequate, "We consider that the Vice-Chancellor in the present case should have refused to reconsider the case without a proper *remittitur* and should have sent the prevailing party back to this court to procure one."

Our cases demonstrate that, in this state, appellate courts have frequently exercised the power to control *remittitur* and to recall them for the purpose of re-argument or to correct injustices arising from mistakes or misapprehensions.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WELLS, DILL, FREUND, McGEEHAN, JJ.   12.

*For reversal*—RAFFERTY, J.   1.